[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-15089
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00193-CR-5-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RHONDA K. FENWICK,

Defendant-Appellant.

----------------------------------------------------
Appeal from the United States District Court
for the Northern District of Florida
----------------------------------------------------

**(June 17, 2008)**

Before EDMONDSON, Chief Judge, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Rhonda K. Fenwick appeals her 18-month sentence imposed after she pled guilty to three counts of health care fraud, in violation of 18 U.S.C. §§ 2, 1347.[1] No reversible error has been shown; we affirm.

On appeal, Fenwick argues that her sentence -- three times higher than the top of the Sentencing Guidelines range -- is substantively unreasonable. She also contends that the district court's reasons for the sentence are factually unsupported and that the district court based the sentence on conduct not relevant to the offenses of conviction. We review Fenwick's sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a). See United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). And we evaluate the reasonableness of a sentence using a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).

Briefly stated, under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of

---

[1]Fenwick was charged, along with her employer, Dr. John Durfey, in a 124-count indictment. Fenwick was charged in 11 counts, but the government dropped the drug conspiracy and drug distribution charges against her in exchange for her guilty plea on the health care fraud counts.

the defendant, and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553(a)(1)-(7).  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Fenwick's sentence was reasonable.  Though her 18-month sentence was above the advisory Guidelines range of 0 to 6 months, it was well below the 10-year statutory maximum.  See 8 U.S.C. § 1347; Winingear, 422 F.3d at 1246 (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum).  In addition, the district court explained that it considered the section 3553(a) factors and that a sentence above the advisory Guidelines range was appropriate in Fenwick's case.

The court specifically noted Fenwick's knowledge of and role in Dr. Durfey's prescription drug distribution scheme in concluding that the Guidelines range under-represented the seriousness of Fenwick's fraud offenses.  Though the charges against Fenwick about drug distribution were dropped, the court still considered her behavior on these charges relevant in fashioning a reasonable sentence because it was part of the fraudulent billing scheme and involved the same patients.  The court also considered Fenwick's dishonest answers to

authorities on two occasions, upon initial investigation of Durfey, before admitting

her involvement in the schemes at a third interview almost a year later.  Thus, the

district court clearly considered the seriousness of the offense, Fenwick's history,

and the nature and circumstances of the offense conduct in applying an upward

variance.  See § 3553(a)(1), (2)(A).[2]

And we conclude, based on the evidence in the record, that the district court

adequately justified its 12-month upward variance.  See Gall, 128 S.Ct. at 597

(explaining that a sentencing judge "must consider the extent of the deviation and

ensure that the justification is sufficiently compelling to support the degree of the

variance").  The record reflects that in addition to aiding Durfey in his fraudulent

billing practices -- the basis for the instant counts of conviction -- Fenwick was

aware of and involved in Durfey's questionable prescription practices.  For

instance, Durfey pre-signed prescriptions when he would be out of town; and, on

---

[2]On appeal, Fenwick argues that the district court based its sentence on an impermissible legal conclusion: that her assistance to Durfey in providing prescription narcotics to patients was relevant conduct, under U.S.S.G. § 1B1.3, to the fraud offenses of conviction.  But the district court did not use the drug distribution conduct to calculate Fenwick's Guidelines range; and the court was free to use this conduct in fashioning a reasonable sentence, even if it did not qualify as relevant conduct under section 1B1.3.  See United States v. Amedeo, 487 F.3d 823, 830 (11th Cir.), cert. denied, 128 S.Ct. 671 (2007) (explaining that, while the district court on remand could not have applied an upward departure based on conduct we previously deemed beyond the scope of relevant conduct under section 1B1.3, it could impose a variance based on such conduct under section 3553(a)).  Fenwick also says the drug distribution conduct was an impermissible sentencing factor because it was unrelated to the health care fraud offenses; to the contrary, Fenwick's conduct in assisting Durfey in his prescription distribution scheme was part of the nature and circumstances of the offense as it was part of the entire course of conduct in which she participated.

many occasions, Fenwick provided these prescription narcotics to patients, either through the mail or when patients came to pick them up at the office. Fenwick admitted that she was aware that many of Durfey's patients abused their medications, as reflected in their positive urine screens; and she also was aware that Durfey was inconsistent in dismissing his patients based on the positive drug screens. Fenwick also was on notice of Durfey's questionable practices when she was deposed in a civil case against Durfey where a patient accused him of over-prescribing medications.

Here, the district court determined that the Guidelines range did not yield a reasonable sentence; and nothing in the record convinces us the sentence was unreasonable. See id. (explaining that "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court").

AFFIRMED.

5